UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTEGRITY COMMUNICATIONS CORP., et al.,

                        Plaintiffs,

         - against -

RALPH H. BAKER JR.,

                        Defendant.

**REPORT AND RECOMMENDATION**

**10 Civ. 3238 (DAB) (RLE)**

To the HONORABLE DEBORAH A. BATTS, U.S.D.J.:

## I. INTRODUCTION

Plaintiffs Integrity Communications Corp. and Michael Schnitzer originally filed this case on April 16, 2010, seeking relief on claims that Defendant Ralph Baker infringed on Plaintiffs' copyrights, engaged in unfair competition, and reproduced and wrongly claimed Plaintiffs' original work and content. Plaintiffs also claim that Baker interfered with business relations and maliciously posted false and misleading information about Plaintiffs on various websites and blogs. Before the Court is Plaintiffs' second motion for the entry of a default judgment against Baker. For the following reasons, I recommend that the motion be **GRANTED**.

## II. BACKGROUND

### A.    Factual Background

This lawsuit results from a dispute between the owner and moderator of two internet websites and a former member of those websites. In 2007, through Integrity Communications Corp., Schnitzer created a Yahoo! group and later a website dedicated to The Golddiggers and

Ding-A-Ling Sisters, female musical groups featured on The Dean Martin Show. (Compl. at ¶¶ 10, 19.) Baker was originally a member of Schnitzer's Yahoo! group and was a frequent contributor on the group's message board. (*Id.* at ¶ 15.) Schnitzer alleges that Baker posted objectionable content on the message board and that he therefore blocked Baker's access to the Yahoo! group. (*Id.* at ¶ 17.) Following this, Baker created his own Yahoo! group and website dedicated to the above-mentioned musical groups. (*Id.* at ¶ 21.) Schnitzer alleges that Baker posted material on these websites that both infringed Schnitzer's copyrights and maliciously defamed both Schnitzer and members of the musical groups. (*Id.*)

**B.     Procedural Background**

On May 18, 2010, Baker, a resident of Rhode Island, filed a *pro se*, pre-answer motion to dismiss based on lack of jurisdiction. (Docket No. 3.) Baker, however, subsequently conceded the jurisdictional issue in a letter to the Court, and this concession was incorporated in an Order dated January 14, 2011. (Docket No. 12.) On April 27, 2011, Schnitzer filed a motion for a default judgment because, although Baker had conceded jurisdiction, he had not filed an Answer and had failed to comply with discovery requests. (Doc. No. 14.) Baker ultimately filed an Answer on June 27, 2011. On September 2, 2011, the Honorable Deborah A. Batts adopted an August 5, 2011 Report and Recommendation (Doc. No. 18. at 2-3) from the undersigned to deny Schnitzer's motion on the grounds that Baker's default had been cured, the default was not willful, and the denial would not prejudice Schnitzer. (Doc. No. 20.) In the 2011 Report and Recommendation, the Court had warned Baker he "must participate fully in discovery and all other aspects of the litigation, or risk sanctions, including dismissal." (Docket No. 18 at 3.) Notwithstanding this admonition, Baker has not complied with further requests for discovery and has responded only with a letter to the Court in which he alleges an inability to take further

action in this matter until Schnitzer has capitulated to a series of demands. (Baker Letter to the Court, October 21, 2011.) This motion followed on December 2, 2011.

### III. DISCUSSION

A party may move for a default judgment against an adversary who fails to answer or appear. Fed. R. Civ. P. 55(b). In making a default judgment determination, courts consider the same factors used to vacate an existing default: (1) whether the default was willful; (2) whether the plaintiff would be prejudiced by the denial of the motion for default judgment; and (3) whether there are any meritorious defenses to the plaintiff's claims. *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007); *see Pecarsky v. Glaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001). However, defaults are generally disfavored and should only be granted on rare occasions. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Doubts as to whether to grant a default should be decided in favor of the defaulting party. *Id*. Furthermore, trial judges should afford additional protection to *pro se* litigants against a judgment of default and should grant extra leeway in meeting the procedural rules governing litigation. *Id*.

Baker has been given multiple opportunities and accommodations to facilitate his participation in the present action. Because of his professed unwillingness or inability to appear before the Court in person, the Court has allowed him to appear by telephone for conferences. (Baker Letter to the Court, July 15, 2010.) Nevertheless, in his October 2011 letter to the Court, Baker states that under the present circumstances, "[he] cannot do any more about the lawsuit. . . ." (Baker Letter to the Court, October 21, 2011.) This statement constitutes a willful refusal to participate in the current matter and justifies a finding of default. Although in the past Baker has expressed difficulty in complying with his litigation obligations, this is the first time he has stated unequivocally that he will not participate further. Furthermore, Schnitzer would be

3

prejudiced if the Court were to deny his motion for default. In the nearly two years since this action was begun, it has not proceeded beyond the early discovery phase. Baker has yet to fully respond to Schnitzer's first set of document requests. (Docket No. 21 at ¶ 27.) Baker knowingly refused to appear at his scheduled deposition, failed to notify opposing counsel that he would not be present, and failed to provide a reasonable excuse for his absence (Docket No. 21 at ¶¶ 36-41.) Schnitzer has actively pursued his claims against Baker and has not contributed to Baker's default. Thus, Schnitzer has no means of obtaining the relief he seeks other than the pending default motion. Finally, although Baker has presented some possibly meritorious defenses to the claims alleged in Schnitzer's Complaint, these do not outweigh the other factors favoring default. In any case, these defenses relate only to Schnitzer's copyright claims. (Defendant's Answer at ¶ 5; Defendant's Objection to Plaintiffs' Motion for Default Judgment at ¶¶ 3, 4, June 21, 2011.) Thus, Baker has not presented sufficient defenses to justify a denial of the motion for default.

The Court recognizes the challenges faced by a *pro se* defendant in a matter of this nature. The Court denied Schnitzer's previous motion for default, finding that Baker's non-compliance was not proven to be willful. The Court has also granted Baker accommodations in defending his case. In addition, the Court has extended multiple opportunities to Baker to cure his lack of compliance with Schnitzer's discovery requests. Notwithstanding his *pro se* status, the Court has warned Baker that he must make good faith efforts to comply with its Orders to avoid default. The Court's admonishments have failed to yield any additional responsiveness from Baker. Instead, Baker has constructively, and more recently overtly, refused to participate in this matter going forward. This constitutes a default. Therefore, I recommend that Schnitzer's motion be **GRANTED**, and that this matter proceed to an inquest on damages,

attorney's fees, and costs.

## IV. CONCLUSION

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

**Dated: March 26, 2012**
**New York, New York**

Respectfully Submitted,

*/s/ Ronald Ellis/*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

Attorney for Plaintiffs
Leslie H. Ben-Zvi
100 Wall Street, 23rd Floor
New York , NY 10005

*Pro Se* Defendant
Ralph H. Baker, Jr.
26 Country Hill Rd
Cumberland , RI  02864-4702

5